UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOAQUIM PEDRO DE MORAIS, Next friend to ex rel Cole Tomas Allen,

Petitioner,

-against-

ATTORNEY GENERAL OF THE UNITED STATES; DIRECTOR OF THE FEDERAL BUREAU OF INVESTIGATION; UNITED STATES MARSHAL FOR THE SOUTHERN DISTRICT OF NEW YORK,

Respondents.

ORDER OF DISMISSAL

26 Civ. 3515 (GBD)

GEORGE B. DANIELS, United States District Judge:

Petitioner Joaquim Pedro De Morais, a citizen and resident of Brazil, filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 on behalf of Cole Tomas Allen, a detainee who is currently held in Correctional Treatment Facility in the District of Columbia and who "was detained following an incident at the Washington Hilton during the White House Correspondents' Dinner" on April 25, 2026. (ECF No. 1 at 3.) By order dated July 8, 2026, the court granted Petitioner's request to proceed *in forma pauperis* ("IFP"). (ECF No. 4.) Because this Court lacks jurisdiction over this matter, the petition is denied.

## I. STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see also Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## II. THE PETITION IS DENIED FOR LACK OF JURISDICTION

A court does not have jurisdiction to hear a petition for *habeas corpus* unless the petitioner has "standing to bring it." *Ross ex rel. Smyth v. Lantz*, 396 F.3d 512, 513 (2d Cir. 2005). By statute, a petition for *habeas corpus* may be brought only "by the person for whose relief it is intended *or by someone acting in his behalf*" as a "next friend." *Ross ex rel. Smyth*, 396 F.3d at 513 (emphasis in original) (quoting 28 U.S.C. § 2242). "The burden is on the 'next friend' clearly to establish the propriety of his status and therefore justify the jurisdiction of the court." *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990).

There are "at least two firmly rooted prerequisites" for a "next friend" to bring a *habeas* petition seeking relief for another person. *Id.* at 163. "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest" cannot "prosecute the action" himself. *Id.* Second, the "next friend" must be fully "dedicated to the best interests of the person on whose behalf he seeks to litigate," often because of a "significant relationship" with that person. *Id.* at 163–64. "Although a significant relationship with the real party in interest is relevant to the appointment of a next friend, it is neither required nor dispositive." *Doe v. Hochul*, 139 F.4th 165, 178 (2d Cir. 2025). However, "if the proposed next friend has little or no relationship with the real party in interest, h[is] appointment

as next friend should be viewed skeptically—as the lack of any relationship may belie the next friend's claim that [ ]he is advancing the real party's best interests." *Id.* at 179.

Here, Petitioner fails to allege facts that would allow him to proceed as Allen's next friend. Petitioner asserts that his intervention as next friend "is necessitated by an unprecedented constitutional crisis and the total communicative blackout imposed upon" Allen. (ECF No. 1 at 2.) He alleges that Allen is being held in "extrajudicial, tactical isolation" without access to "independent legal counsel, medical professionals, and the courts." (*Id.*) As such, Petitioner maintains that Allen is unable to prosecute this action on his own behalf. Public records, however, show that Allen is not being held in "extrajudicial . . . isolation," but rather is being held at the Correctional Treatment Facility in the District of Columbia. Moreover, court records available on the Public Access to Court Electronic Records ("PACER") database show that Allen is represented by counsel, who have been actively litigating Allen's claims in the United States District Court for the District of Columbia. *See United States v. Allen*, No. 1:26-CR-0098 (D.D.C.). Casting further doubt on Petitioner's claims that Allen is being held "incommunicado," on April 29, 2026, that court granted an order permitting Allen and his defense team "to have contact, unrestricted legal visits during the pendency of this case." *Id.*, ECF No. 13, at 1. Petitioner has therefore failed to make a showing that Allen cannot "prosecute [a habeas] action" himself, should he wish to pursue one. *Whitmore*, 495 U.S. at 163.

Petitioner also fails to allege facts demonstrating that he is entirely "dedicated to [Allen's] best interests." *Id.* Beyond his bare assertion that he has a "genuine, compelling dedication to [Allen's] best interests," (ECF No. 1 at 2), Petitioner alleges no actual nonconclusory facts that suggest he is acting in Allen's best interests. Moreover, Petitioner does not allege that he has any relationship with Allen. *See Whitmore*, 495 U.S. at 163; *Doe*, 139 F.4th at 179. Because Petitioner

has failed to demonstrate that he can proceed as Allen's next friend, the Court lacks jurisdiction to consider the petition.

The Court lacks jurisdiction for another, separate reason as well. In order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973) (explaining that writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Here, it appears that Allen was detained in the District of Columbia at the time Petitioner filed the petition. Even if the Court accepted Petitioner's claim that the government was "actively concealing [Allen's] exact physical location" at the time he filed the petition, Petitioner alleges no facts suggesting that Allen was ever detained in the Southern District of New York following his arrest in the District of Columbia.

Accordingly, this Court denies the petition for lack of jurisdiction.

## III. WARNING

This action is not the first time Petitioner has filed a petition for *habeas corpus* on behalf of another person that has been denied because Petitioner does not meet the requirements to serve as "next friend" to the incarcerated individual. *See De Morais Filho v. Bondi*, No. 26-CV-0036 (MKV) (S.D.N.Y. Jan. 8, 2026) (denying *habeas corpus* petition filed by Petitioner on behalf of Venezuelan President Nicolas Maduro for lack of jurisdiction). Petitioner has also filed in this district an action asserting frivolous claims and an action for which venue was improper. *See De Morais Filho v. X Corp.*, No. 26-CV-2520 (LTS) (S.D.N.Y. Apr. 23, 2026) (transferring action under 28 U.S.C. § 1406 to the Western District of Texas); *De Morais Filho v. United States Dep't of Homeland Sec.*, No. 26-CV-2112 (GBD) (S.D.N.Y. Apr. 22, 2026) (dismissing as frivolous

Petitioner's claims that the U.S. Government and various banks have construed a scheme to deprive deportees of their property).

This Court warns Petitioner that if he continues to file frivolous or nonmeritorious actions, this Court may direct him to show cause why he should not be barred from filing new actions in this court IFP without receiving permission to file from the court. *See* 28 U.S.C. § 1651.

## IV. CONCLUSION

The Court denies the petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, for lack of jurisdiction.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 17, 2026
New York, New York

George B. Daniels

GEORGE B. DANIELS
United States District Judge